FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2008 OCT -2 P 4: 17

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| RONALD J. RILEY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 08- 3:08cv643 |
| JOHN DOZIER and DOZIER INTERNET LAW, PC, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1. This is an action for declaratory relief in which Ronald Riley, the operator of a web site (cybertriallawyer-sucks.org) that is highly critical of defendant John Dozier and his law firm, asks the Court to declare that Dozier has no cause of action against Riley, contrary to Dozier's contention that Riley's web site defames Dozier and infringes his trademark(s). After Dozier wrote to the Internet provider that supplied Internet access to Riley's web host, alleging that Riley's site "contains vast quantities of false and defamatory statements and/or trademark infringement issues," the Internet provider forced the removal of Riley's web site from the Internet; subsequently, Dozier has made numerous assertions of trademark infringement against Riley and warned that a company that hosts Riley's web site could be guilty of contributory infringement. Because neither the trademark nor the defamation laws proscribe Riley's web site, and because Riley's speech is fully protected under the First Amendment, the Court should declare that Riley's web site was lawful and did not violate Dozier's legal rights.

2. The Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338. To the extent that Dozier's claims are made under state law, the parties are diverse in citizenship and

the amount in controversy exceeds $75,000, hence the Court has jurisdiction of this action under 28 U.S.C. § 1332; in the alternative, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Ronald Riley is resident of Grand Blanc, Michigan.

4. Defendant John Dozier is a Virginia resident who maintains his office in Glen Allen, Virginia. Defendant Dozier Internet Law has its principal place of business in Glen Allen, Virginia. The domain name for Dozier's web site is cybertriallawyer.com. Both defendants are referred to jointly as "Dozier."

## FACTS

5. In October 2007, Dozier's firm sent a letter to Riley on behalf of one of Dozier's clients, claiming that Riley was liable for statements posted on one of Riley's web sites that allegedly defamed Dozier's client and violated that client's user agreement. Dozier is actively engaged in public debate about Internet law and actively seeks public attention for his views and his law practice. The Dozier blog and a web site proclaim Dozier to be a "Preeminent Law Firm" and John Dozier to be a "Super Lawyer."

6. After Riley received this letter, Riley created a web site to criticize Dozier for aspects of his practice that Riley deemed contrary to free speech. Near the beginning of this new web site, Riley accurately states that "this web site drips contempt for Dozier Internet law." Among other things, Riley faulted a statement on Dozier's web site that "brags . . . that they can use . . . copyright to force removal of criticism of their clients," and Dozier's invocation of the nickname "Bull Dozier." Riley registered several domain names critical of Dozier, and used one of them, cybertriallawyer-sucks.com, for his critical web site (referred to here as "Riley's web site").

7. Riley's web site was entirely non-commercial. There could be no likelihood of confusion about whether the web site was sponsored by or affiliated with Dozier.

8. Embedded in the text "Dozier Internet Law" are hyperlinks to other web sites. Some of those hyperlinks take Internet users to the main web site for Dozier's law firm. Other hyperlinks take Internet users to a page on the web site "InventorEd.org" on which Dozier is criticized, and from which the Dozier firm's letter to Riley, identified in paragraph 5 *supra*, and Riley's response to that letter, are linked.

9. Riley's web site was hosted by an Internet Service Provider called A Small Orange, located in Atlanta, Georgia. A Small Orange obtains Internet access for its clients through another company, Global Net Access (referred to here as "GNAX.").

10. On August 28, 2008, Dozier wrote a letter to GNAX about Riley's web site, complaining that the web site was targeting his law firm for criticism and charging that the site defamed Dozier and infringed Dozier trademark rights. Dozier specifically complained that Riley's web site about him ranked third in Google searches for his law firm, and asked GNAX to make sure that, after Riley's web site was taken offline, Riley could not "transfer the 'page rank juice'" if Riley were able to obtain Internet access for his web site from another Internet provider.

11. In response to Dozier's letter, GNAX directed A Small Orange to remove Riley's web site, and warned A Small Orange that if it did not comply with this direction, GNAX would deprive A Small Orange of Internet access for all of its customers.

12. Because of GNAX's enforcement of Dozier's legal claims, A Small Orange took Riley's web site offline, and told Riley that unless he moved his domain name to some other ISP, it would have to close down all of his other web sites.

13. Riley moved the hosting of his web site to a new hosting company, pSek, LLC.

14. On September 4, 2008, Dozier filed a complaint in the Circuit Court for Henrico County, Virginia, against Riley and several corporate entities, all of them located in Michigan, alleging claims for "statutory trademark infringement" and "common law trademark infringement." The complaint contends that the fact that cybertriallawyer-sucks.com links, in some instances, the name of Dozier's firm to inventored.org rather than to Dozier's own web site creates actionable infringement of the trademark in the name of his law firm. The complaint has not been served on any of the defendants.

15. On September 10, 2008, Dozier sent a copy of his trademark lawsuit to pSek, placing it on "notice" of his trademark claim, suggesting that pSek could be liable for "contributory trademark infringement, aiding and abetting, and conspiracy." Dozier further threatened that he would contact pSek's upstream provider (as he has already done to A Small Orange by contacting GNAX) and one of pSek's major customers. Dozier warned pSek to have its lawyers contact Dozier immediately. When pSek raised questions in response to this demand, Dozier said that if pSek did not immediately comply with Dozier's demand, he would "escalate this matter to your upstream provider and you will be putting at risk all of your 'clients.'"

16. In response to Dozier's threats, pSek asked Riley to move his web site to a different service provider.

17. Riley moved his cybertriallawyer-sucks.org web site to a new web host, Hostgator. Shortly after the site was linked to the Internet from Hostgator, Hostgator notified Riley that his account was suspended because "[i]t has come to our attention that you are using our services to infringe upon the trademark of another." On information and belief, Hostgator suspended Riley's

web site because it received a threatening communication from Dozier similar to those that he sent to A Small Orange, GNAX, and pSek.

17. In invoking trademark rights, Dozier acted with knowledge that although the Communications Decency Act ("CDA"), 47 U.S.C. § 230, immunizes Internet Service Providers from suit for the content of web sites that they host, CDA immunity has an exception for intellectual property claims under federal law.

18. Dozier's transmission of his spurious claims of trademark and defamation violations deprived Riley of the right to convey his opinions about Dozier to the public.

19. Dozier contends that Riley has defamed Dozier and infringed trademark rights of Dozier; Riley contends that he has neither infringed any Dozier trademark nor defamed Dozier.

## CAUSES OF ACTION

20. Although Riley's web site uses the names "Dozier" and "Dozier Internet Law" on his web site, those uses do not infringe any of Dozier's trademarks in violation of sections 32 or 43 of the Lanham Act, 29 U.S.C. § 1114 and 1125, because:

    (a)    Riley does not make a "trademark use" of those terms;

    (b)    there is no likelihood of confusion;

    (c)    Riley's uses are non-commercial speech;

    (d)    each of Riley's uses of these names are fair use; and

    (e)    Riley's uses are protected by the First Amendment.

21. Although Riley's web site is highly critical of Dozier, the criticisms do not defame Dozier because:

    (a)    almost all of Riley's statements are opinions, not actionable statements of fact;

(b) any statements of Riley that are statements of fact are not false;

(c) Dozier is a public figure and Riley did not make any statement about Dozier with knowledge that the statements were false or with reckless disregard of their probable falsity; and

(d) Riley's statements about Dozier are protected by the First Amendment.

22. Dozier wrote his letters to GNAX, pSek, and Hostgator with knowledge that his claims of trademark infringement and defamation lacked any legal merit.

**WHEREFORE, PLAINTIFF PRAYS THE COURT TO ENTER JUDGMENT IN HIS FAVOR AND:**

A. Declare that Riley has neither defamed Dozier nor infringed any Dozier trademark;

B. Issue a preliminary and permanent injunction enjoining Dozier from claiming that Riley's "cybertriallawyer-sucks.org" web site constitutes actionable defamation of Dozier or infringes any trademark of Dozier, and from threatening to hold hosts of Riley's web site liable for contributory infringement, aiding and abetting, or conspiracy;

C. Order Dozier to consent to Riley's use of the names "Dozier," "Dozier Internet Law," and "CyberTrialLawyer" as paid search engine listings;

D. Award Riley nominal damages, or award restitution to Riley in the amount that it would cost Riley to obtain search engine advertising for his web site sufficient to replace the exposure lost due to Dozier's August 28 letter and subsequent communications to other companies hosting Riley's web site;

E. Award Riley punitive damages against Dozier in the amount of $1000.

F. Award Riley his reasonable attorney's fees and costs; and

G.  Award such other relief as may be just and proper.

>Respectfully submitted,
>
>Paul Alan Levy
>plevy@citizen.org
>(pro hac vice admission to be sought)
>Gregory Beck
>gbeck@citizen.org
>
>Public Citizen Litigation Group
>1600 - 20th Street, N.W.
>Washington, D.C. 20009
>(202) 588-1000
>
>_____
>Thomas Wolf
>(Virginia Bar No. 18234)
>
>LeClair Ryan
>Riverfront Plaza, East Tower
>951 East Byrd Street, Eighth Floor
>Richmond, Virginia 23219
>804-916-7143
>Thomas.Wolf@leclairryan.com
>
>Attorneys for Plaintiff

October 2, 2008